## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Owen L. Riess,

                    Plaintiff,

                                  Civ. No. 11-2307 (RHK/JJK)
                                  **MEMORANDUM OPINION**
                                  **AND ORDER**

v.

Messerli & Kramer, P.A.,

                    Defendant.

Patrick L. Hayes, William C. Michelson, Marso & Michelson, PA, Minneapolis, Minnesota, for Plaintiff.

Jennifer M. Zwilling, Messerli & Kramer P.A., Plymouth, Minnesota, for Defendant.

### INTRODUCTION

In this action, Plaintiff Owen Riess asserts that Defendant Messerli & Kramer, P.A. ("M&K"), a debt-collection firm, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), abused legal process, and engaged in deceit or collusion in the course of its attempts to collect his debt.  M&K now moves to dismiss Riess's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, the Motion will be granted in part and denied in part.

### BACKGROUND

Riess's Complaint and the attached documents set forth the following facts.  Riess, a consumer, had a Capital One credit account with an unpaid balance of over $3,000 as of

September 2010.  M&K was retained by Capital One Bank to collect outstanding debts,

including Riess's.  In the course of its collection attempts, M&K sent three notices to

Riess and commenced a lawsuit against him in the Hennepin County, Minnesota District

Court.  The instant case arises from those actions.

M&K's first notice to Riess was dated September 2, 2010.  It informed him that

M&K represented Capital One and that he had an unpaid balance of $3,050.48 owing on

his account.  It also warned that if payment arrangements were not made, M&K would

advise Capital One to pursue legal action.  Beneath the main body of the letter appeared

the bold heading "Important Notice Concerning Your Rights," followed by language

informing Riess that he had a right to dispute the validity of the debt within 30 days of

receiving the notice.  (Compl. Ex. 1.)

A second notice, dated September 17, 2010, again advised Riess to contact M&K

to make payment arrangements.  It did not repeat the information about Riess's right to

dispute the debt's validity.  (Id. Ex. 2.)

M&K then sent a "Final Notice" on September 24, which provided:

> You have failed to make a satisfactory arrangement to resolve this
> obligation voluntarily.  We have now given you an opportunity to resolve
> this matter.

(Id. Ex. 3.)  It went on to state, "you must call our office . . . immediately" in order "to

resolve this matter voluntarily," and warned, "[i]f you do not contact us, we will assume

that you are refusing to make arrangements acceptable to [Capital One] and will proceed

accordingly."  (Id.)  Riess did not contact M&K in response to any of the three notices.

M&K served him with a summons and complaint on October 6, commencing an action in the Hennepin County, Minnesota District Court to recover the debt. The summons explained that Riess was being sued and that he must reply by sending "a written response called an Answer" to M&K within 20 days of receiving the summons in order to protect his rights. (Compl. Ex. 4 ¶ 2.) It also explained that the answer "must state whether you agree or disagree with each paragraph of the Complaint" (id. ¶ 3), and it warned, "[i]f you do not Answer within 20 days, you will lose this case." (Id. ¶ 4.) After receiving the summons and complaint, Reiss wrote a letter to M&K dated October 13, which provided:

> This shall serve as response and advice that I do not now nor have I ever had any contractual agreement with Messerli & Kramer P.A. I do not now nor have I ever owed Messerli & Kramer any monies.
>
> Please provide a copy of the actual signed contract to which your summons refers.

(Id. Ex. 5.) Riess did not serve or file any other answer to M&K's complaint, nor did he make any additional response.

M&K's next communication with Riess was a letter dated November 16. It noted that Riess had been served with a summons and complaint and that he had "recently sent a letter regarding [his] account." (Id. Ex. 6.) It went on to provide:

> As you have not interposed a formal Answer in accord with relevant court rules, we are preparing administrative default judgment documents for filling with the court. We will refrain from filling these documents to allow you time to seek legal counsel, interpose a formal Answer, and/or set up a suitable repayment plan with our office.

(Id.)  Then, in a letter dated December 7 (but not received by M&K until December 15), Riess informed M&K that he was disputing his debt and requesting validation pursuant to the FDCPA.  This letter provided that it was "sent . . . in response to a letter from [M&K] sent to [Riess] on November 16, 2010."  (Id. Ex. 7, at 1.)  However, it did not reference the summons or complaint or the pending legal action.

Later in December, Riess received a Garnishment Exemption Notice and Notice of Intent to Levy or Garnish Earnings ("Garnishment Notice") dated December 21.  A week later, M&K filed an Affidavit of No Answer and sought a default judgment against Riess, which was entered by the Hennepin County, Minnesota District Court on January 5, 2011.  On January 6, before he was aware of the default judgment, Riess responded to the Garnishment Notice, again asserting that he never had a contract with M&K and did not owe M&K any money, and demanding validation of the debt.  The default judgment was ultimately vacated on July 14, 2011, after a Hennepin County judge determined that Riess's letters on October 13 and November 16 sufficiently answered or otherwise defended the lawsuit.

Riess commenced the instant action on August 5, claiming that M&K (1) sent him notices that overshadowed his right to dispute the debt, in violation of 15 U.S.C. § 1692g; (2) made false or misleading representations and used unfair means to collect his debt in connection with the state-court lawsuit, in violation of 15 U.S.C. §§ 1692e and 1692f; (3) intended to deceive the state court and Riess, in violation of Minn. Stat. §§ 481.07 and 481.071, and (4) committed abuse of process in violation of Minnesota law.  M&K moves to dismiss all of these claims.  Its Motion has been fully briefed and a hearing was

held on October 19, 2011.  Following the hearing, the parties submitted supplemental

briefing to address whether M&K violated Minnesota's garnishment procedures, and the

Court has also reviewed those submissions.  The matter is now ripe for decision.

### STANDARD OF REVIEW

The Supreme Court set forth the standard for evaluating a Rule 12(b)(6) motion in

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  To avoid dismissal, the Complaint

must include "enough facts to state a claim to relief that is plausible on its face."  Id. at

547.  A "formulaic recitation of the elements of a cause of action" will not suffice.  Id. at

555; accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Rather, a plaintiff must set

forth sufficient facts to "nudge[] the[] claim[] across the line from conceivable to

plausible."  Twombly, 550 U.S. at 570.  To survive dismissal, the Complaint must "assert

facts that affirmatively and plausibly suggest that [he] has the right [he] claims . . . rather

than facts that are merely consistent with such a right."  Stalley v. Catholic Health

Initiatives, 509 F.3d 517, 521 (8th Cir. 2007) (citing Twombly, 550 U.S. at 554–57).

When reviewing a motion to dismiss, the Court "must accept a plaintiff's specific

factual allegations as true but [is] not required to accept [his] legal conclusions."  Brown

v. Medtronic, Inc., 628 F.3d 451, 459 (8th Cir. 2010) (citing Twombly, 550 U.S. at 556).

The Complaint must be construed liberally, and any allegations or reasonable inferences

arising from it must be interpreted in the light most favorable to Riess.  Twombly, 550

U.S. at 554–56.  "Documents attached to or incorporated within a complaint are

considered part of the pleadings, and courts may look at such documents 'for all

purposes,' including to determine whether plaintiff has stated a plausible claim."  Brown,

628 F.3d at 459-60 (citations omitted).  Here, because M&K's notices, Riess's letters,

and the various filings from the state-court lawsuit are attached to the Complaint, the

Court may properly consider them in evaluating the instant Motion.

## ANALYSIS

### I.      FDCPA claims

The FDCPA was enacted to protect consumers from abusive debt-collection

practices.  It is a broad remedial statute that imposes strict liability on debt collectors, and

its terms are to be applied "in a liberal manner."  E.g., Picht v. John R. Hawks, Ltd., 77 F.

Supp. 2d 1041, 1043 (D. Minn. 1999) (Noel, M.J.), aff'd 236 F.3d 446 (8th Cir. 2001).

Riess alleges that M&K violated various provisions of the FDCPA.  The Court discusses

each of his claims below.

#### a.      Section 1692(g) overshadowing claim

First, Riess claims M&K's second and final notices "overshadowed" his right to

dispute the debt and request validation.  Section 1692(g) of the FDCPA requires debt

collectors to notify debtors of such rights.  Specifically, it provides that a debt collector

must send a "validation notice" with its initial letter to the creditor regarding the debt or

within five days thereafter.  15 U.S.C. § 1692g(a).  This notice must inform the creditor

that unless he disputes the debt within 30 days, it will be presumed valid; it also must

explain that if the debtor notifies the debt collector in writing within 30 days of receiving

the notice that the debt is disputed, the debt collector must cease collection efforts until it

obtains and provides verification of the debt.  Id.  Collection activities may continue

within the 30-day validation-request window; however, they "may not overshadow or be

inconsistent with the disclosure of the consumer's right to dispute the debt."  15 U.S.C.

§ 1692g(b).  "Overshadowing or inconsistency occurs when a debt-collection letter

conveys information 'in a confusing or contradictory fashion so as to cloud the required

message with uncertainty.'"  Owens v. Hellmuth & Johnson, PLLC, 550 F. Supp. 2d

1060, 1064 (D. Minn. 2008) (Kyle, J.) (quoting DeSantis v. Computer Credit, Inc., 269

F.3d 159, 161 (2d Cir. 2001)).  Although there is a split of authority, this Court has

determined that the question whether language in a collection notice overshadows is one

that may be resolved as a matter of law on a motion to dismiss.  Id. at 1065.

Riess does not dispute that M&K's initial letter contained a proper validation

notice.  He argues, however, that his right to dispute the debt and request validation was

overshadowed by M&K's two subsequent notices, which were sent within 30 days of the

validation notice.  Subsequent letters sent within the 30-day window need not reiterate or

expressly refer back to the validation notice, but they may not impose conflicting or

contradictory demands that would leave an unsophisticated consumer[1] confused about

whether he still had the right to dispute the debt within 30 days.  See, e.g., Russell v.

Equifax A.R.S., 74 F.3d 30, 36 (2d Cir. 1996).  For instance, notices that demand

payment before the 30-days have expired without reiterating the consumer's right to

dispute the debt have repeatedly been deemed overshadowing.  E.g., Terran v. Kaplan,

---

[1] The Eighth Circuit has instructed courts to employ an "unsophisticated-consumer" standard when analyzing FDCPA claims.  E.g., Duffy v. Landberg, 215 F.3d 871, 873 (8th Cir. 2000). This standard "protects the uninformed or naive consumer," but it also includes "an objective element of reasonableness," which ensures that debt collectors remain free "from liability for peculiar interpretations of collection letters."  Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 318 (8th Cir. 2004); accord, e.g., Volden v. Innovative Fin. Sys., Inc., 440 F.3d 947, 955 (8th Cir. 2006).

109 F.3d 1428, 1433 (9th Cir. 1997) (collecting cases); accord Durham v. Cont'l Cent.

Credit, No. 07-1763, 2009 WL 3416114, at *6 (S.D. Cal. Oct. 20, 2009); Barrientos v.

Law Offices of Mark L. Nichter, 76 F. Supp. 2d 510, 515 (S.D.N.Y. 1999).

      With this in mind, the Court turns to the two subsequent notices at issue here.  The

first, dated September 17, contained no demand for immediate payment.  It merely

provided that Capital One wished to "resolve the matter voluntarily" and asked Riess to

"[p]lease allow us to provide you with assistance and options to resolve this matter."

(Compl. Ex. 2.)  The letter also stated, "It is important that you contact us . . . to arrange

payment of the balance due," but it gave no deadline for complying with this request.  In

short, nothing in the September 17 letter suggested that Riess had to take action before

the close of the 30-day window in order to avoid negative consequences.  Hence, it did

not contradict or overshadow Riess's right to request validation or dispute his debt within

30 days of the initial notice.

      By contrast, the final notice, dated September 24, contained stronger language.  It

informed Riess that M&K "had now given [him] an opportunity to resolve this matter."

(Compl. Ex. 3.)  It went on to provide: "you must call our office . . . *immediately* if you

want to resolve this matter voluntarily."  (Id. (emphasis added).)  A demand for

immediate *contact* differs somewhat from one for immediate *payment*.  See, e.g., Terran,

109 F.3d at 1434 (concluding a "request that the debtor telephone the collection agency"

did not contradict the notice that the debtor had 30 days to dispute the debt because it did

not "threaten or encourage" him to forego his right to challenge the debt's validity).

Here, while the demand for immediate contact standing alone may not have "threatened

or encouraged" Riess to forego his rights, the letter also insinuated that a deadline for

taking action had already passed, and that failure to contact M&K "immediately" would

cause it to "proceed accordingly" against him.  It suggested that Riess was out of time

and no longer had the option to dispute his debt, even though only twenty-two days had

passed since the validation notice.  An unsophisticated consumer cannot be expected to

know that the validation notice takes precedence over later communications such as this

one.  See Russell, 74 F.3d at 36.  In the Court's view, Riess has stated a claim for

overshadowing based upon the September 24 letter.

      **b.**      **Section 1692e and 1692f claims**

The FDCPA also prohibits a debt collector from using "any false, deceptive, or

misleading representation or means in connection with the collection of any debt."  15

U.S.C. §§ 1692e, 1692e(10).  Under this section, a debt collector may not falsely

represent "the character, amount or legal status of any debt."  § 1692e(2)(A).  It also may

not "threat[en] to take any action that cannot legally be taken or that is not intended to be

taken," § 1692e(5), nor may it falsely represent or imply that documents "are not legal

process forms or do not require action by the consumer," § 1692e(15).  Further, §1692f

generally prohibits the use of "unfair or unconscionable means" to attempt to collect a

debt.  Riess alleges that M&K's representations that he had failed to answer or otherwise

provide a defense to its summons and complaint in its November 16 letter to him and its

Affidavit of No Answer, as well as its pursuit of a default judgment against him, violated

§§ 1692e and 1692f.  In short, Riess believes his October 13 and December 7 letters

constituted an answer or other defense to the summons and complaint, and M&K's later representations to the contrary were thus false and deceptive.

In support of its Motion, M&K argues that it reasonably believed Riess's letter was an insufficient answer or other defense, and thus its representations were truthful and did not violate the FDCPA. It relies upon Minnesota Rule of Civil Procedure 55.01, which allows default judgment to be entered against a party who has "failed to plead or otherwise defend within the time allowed," and upon Frisch v. Messerli & Kramer, P.A., No. 07-4796, 2008 WL 906183, at *3 (D. Minn. Mar. 31, 2008) (Frank, J.). In Frisch, a similar FDCPA case against M&K, this Court determined that M&K had a reasonable basis to believe that an informal letter responding to a summons and complaint was not an answer or other defense, and M&K therefore did not violate § 1692e by filing an affidavit in the state-court collection action stating that the debtor had failed to answer. See 2008 WL 906183, at *3. Here, as in Frisch, there is no dispute that Riess never served and filed a formal answer that complied with pleading rules, even though the summons outlined the requirements for doing so. Further, this Court follows Frisch in concluding that Riess's informal letter did not "otherwise defend" within the meaning of Rule 55.01. See id. at *4 (finding that Rule 55.01's "otherwise defend" language refers to attacks on service or defensive motions, which can prevent default without imposing a formal answer). Accordingly, none of M&K's representations that Riess failed to answer or defend were false or deceptive, and they cannot support his claims as a matter of law.

In response, Riess relies heavily upon Midland Credit Management, Inc., v. Resler, No. A03-1482, 2004 WL 1152843 (Minn. Ct. App. May 25, 2004), in which the

court determined that a *pro se* defendant's informal letter sufficiently answered or

otherwise defended against a complaint.  However, the letter in <u>Resler</u> disputed the

complaint's allegations with much greater particularity than Riess's; it acknowledged the

debt, disputed the amount of interest accruing, and even proposed a payment plan.  <u>Id.</u> at

*3.  Thus, it was distinguishable from Riess's October 13 letter, which did not directly

respond to *any* of the allegations in the complaint, instead simply asserting that Riess did

not have a contractual agreement with M&K and owed it no money (despite the fact that

M&K's notices and the summons and complaint clearly stated that it was acting on behalf

of Capital One).  Similarly, Riess's December 7 letter was not an answer or defense to the

lawsuit.  It was a validation request and dispute of the debt (albeit one sent long after the

30-day period had expired), and it made *no* reference to the summons or complaint or to

the pending state-court action.[2]

Riess further argues, however, that he has stated a claim based upon M&K's

causing a default to be entered against him less than 25 days after he was served with the

Garnishment Notice.  (<u>See</u> Compl. ¶ 33.)  Minnesota Statute § 571.71 authorizes

garnishment in three instances, including (in clause two) where a default judgment could

be, but has not yet been, entered under Rule 55.01.  This was the status of the lawsuit

---

[2] Riess attempts to argue that the validation-request letter is a sufficient answer because it "provided defenses to [M&K]'s state court complaint, such as the affirmative defense that the statute of limitations had expired on this account."  (Mem. in Opp'n 9.)  The Court cannot agree. The *only* affirmative defense even *mentioned* in his December 7 letter is the statute of limitations, and it is not asserted as an affirmative defense to the pending lawsuit; rather, Riess simply includes in a bullet-point list of information he was requesting from M&K: "[p]rove the Statute of Limitations has not expired on this account."  (Compl. Ex. 7 at 1.)

against Riess at the time M&K served the Garnishment Notice.[3]  Clause two also

provides, however, that a creditor in this scenario may not proceed to obtain a default

judgment against a debtor under Rule 55.01 until 25 days after service of the

Garnishment Notice.  See Minn. Stat. § 571.71(2).  Here, the Garnishment Notice was

dated December 21, and M&K proceeded to seek a default only a week later.  A debt

collector's misuse of garnishment procedures may constitute a violation of the FDCPA,

and M&K has offered no argument to the contrary.  See Picht v. John R. Hawks, Ltd.,

236 F.3d 446, 448 (8th Cir. 2001) (finding violation of the FDCPA based upon

defendant's misuse of § 571.71(2), where defendant pursued garnishment even though

default judgment could not have been entered under Rule 55.01).  Hence, Riess has stated

a claim on this narrow basis.

### c. Abuse of process and Minn. Stat. §§ 481.07, 481.071 claims

The essential elements of an abuse-of-process claim under Minnesota law are

(1) "the existence of an ulterior purpose"; and (2) "using the process to accomplish a

result not within the scope of the proceedings in which it was issued, whether such result

might otherwise be lawfully obtained or not."  Kellar v. VonHoltum, 568 N.W.2d 186,

192 (Minn. Ct. App. 1997) (citing Hoppe v. Klapperich, 28 N.W.2d 780, 786 (Minn.

1947)).  Riess argues that he has sufficiently stated such a claim by pleading facts

---

[3] In a Supplemental Memorandum filed after the hearing on this Motion, M&K argues that it was actually proceeding under clause *three* of § 571.71, rather than clause *two*.  However, clause three provides that garnishment is authorized "at any time *after entry of a money judgment* in the civil action."  Minn. Stat. § 571.71, subd. 3.  Since the Garnishment Notice was sent a week *before* M&K sought and obtained a default judgment, it could not have been proceeding under clause three based on the plain terms of that provision.

showing that M&K's "actions and omissions are part of a pattern and practice of

obtaining administrative default judgments against Plaintiff and other consumers, i.e., an

ulterior purpose." (See Mem. in Opp'n 12.) But the process he alleges M&K used for an

ulterior purpose was the process for obtaining a default judgment, and it used that process

for precisely its designed purpose—to obtain a judgment against Riess and attempt to

collect the amount he owed after he failed to answer or defend the lawsuit or respond to

its other collection efforts. Riess's claim that M&K used legal process to accomplish an

ulterior purpose cannot survive.

Finally, Riess alleges that M&K violated Minn. Stat. §§ 481.07 and 481.071,

which provide penalties against attorneys who engage in "deceit or collusion" with the

"intent to deceive a court or a party to a judicial proceeding." He claims it intentionally

deceived both him and the state court by ignoring his letters, filing its Affidavit of No

Answer, and pursuing a default judgment. As discussed above, however, based upon the

facts pleaded and documents attached to Riess's Complaint, M&K reasonably concluded

he had failed to answer or otherwise defend the lawsuit. Thus, it could not have acted

with the intent to deceive Riess or the Court. Riess's claims on this basis cannot survive.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**ORDERED** that Messerli & Kramer's Motion to Dismiss (Doc. No. 6) is **GRANTED**

**IN PART** and **DENIED IN PART** as follows:

1)      With respect to Count I of Riess's Complaint (Doc. No. 1), to the extent it

claims that (a) M&K's final notice overshadowed the validation notice in violation of the

FDCPA and (b) M&K violated the FDCPA by seeking default judgment within 25 days

of serving a Garnishment Notice, the Motion is **DENIED**, and those claims will remain.

With respect to the remainder of Count I, the Motion is **GRANTED** and those portions of

Count I are **DISMISSED WITH PREJUDICE**; and

2)      The Motion is **GRANTED** with respect to Riess's claims for abuse of

process and violations of Minn. Stat. §§ 481.07 and 481.071.  Counts II and III of Riess's

Complaint (Doc. No. 1) are **DISMISSED WITH PREJUDICE.**


Dated: November 10, 2011                         s/Richard H. Kyle
                                                 RICHARD H. KYLE
                                                 United States District Judge